IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry Scott Barnhardt, #18866-057,  )<br>)<br>Petitioner,  )<br>)<br>vs.  )<br>)<br>M.M. Mitchell, Warden of FCI-Edgefield,  )<br>)<br>Respondent.  )<br>_____ ) | C/A No. 0:09-1452-RBH-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The self-represented petitioner, Larry Scott Barnhardt ("Petitioner"), brings this action pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated in the Federal Correctional Institution in Edgefield, South Carolina. Petitioner paid the full filing fee. (Docket Entry 3.) He requests that this court give him credit for time served in a North Carolina state prison and grant him immediate release. He raises several claims related to the United States Bureau of Prisons' ("BOP") alleged error in the calculation of his sentence or that the sentencing court erred. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed because the Petitioner is not entitled to relief in this court.

### *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992);

*PJG*

Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*).

This court is required to construe *pro se* petitions liberally. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Fine v. City of N.Y., 529 F.2d 70, 74 (2d Cir. 1975).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

It appears that on or about 1997 Petitioner was convicted in the United States District Court for the Middle District of North Carolina for the crime of possession of an unregistered destructive device. (Pet., Docket Entry 1 at 1-2.) Petitioner alleges that he was later convicted of a supervised release violation on May 15, 2003, before the same court in the Middle District of North Carolina, and the petitioner received a 22-month sentence.[1] (Id.) He is currently incarcerated on that sentence in a federal prison in South Carolina. (Id.) Petitioner alleges that from May 15, 2003, until some recent date, Petitioner was incarcerated in the North Carolina state prison system. (Id. at 4.) He alleges that the federal sentence that he is now serving should have been completed while he was serving time for a North Carolina offense because his federal sentence should have run concurrently to the state sentence. (Id. at 5.)

This court also takes judicial notice of the following additional facts and details, not mentioned by Petitioner in his § 2241 petition, gleaned from Public Access to Court Electronic Records ("PACER"). See PACER Homepage, https://pacer.login.uscourts.gov/ (last visited June 8, 2009) (enter North Carolina courts and Petitioner's name).[2]  On

---

[1] It is unknown whether Petitioner filed a direct appeal of his supervised release revocation and sentence, although he could have done so. E.g., United States v. Coleman, 241 Fed.Appx. 945, 2007 WL 2683718 (4th Cir. Sept. 12, 2007).

[2] The court may take judicial notice of factual information located in postings on government websites. See In re Katrina Canal Breaches Consolidated Litigation, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); Williams v. Long, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).



November 19, 1997, the United States District Court for the Middle District of North Carolina sentenced Petitioner to 54 months' imprisonment, and he was released on May 20, 2001, to serve his 3-year term of supervised release. See United States v. Barnhardt, Cr. No. 1:97-155-JAB-1, Docket Entry 73 (available on PACER). Petitioner's supervised release was revoked on April 30, 2003, and he was sentenced to 22 months' imprisonment and 14 months of additional supervised release. Id. Before Petitioner could begin serving his 22-month federal sentence, the State of North Carolina sentenced him to 70 to 84 months' imprisonment for multiple drug offenses that occurred during his supervised release. Id. It appears that on December 24, 2008, Petitioner was delivered from a North Carolina state prison to FCI-Edgefield to begin serving his 22-month federal sentence on the supervised release violation. Id., Docket Entry 75.

On April 30, 1999, Petitioner filed a § 2255 habeas action in the United States District Court for the Middle District of North Carolina.[3] See id., Docket Entry 47. On November 23, 1999, that court denied Petitioner's § 2255 petition and dismissed the action. Id., Docket Entry 58. On March 1, 2006, Petitioner filed a motion in his criminal case entitled "Request for Reconsideration in Final disposition" wherein he asked the sentencing court to amend his 22-month federal supervised release revocation sentence so that it would run concurrently with the state sentence he was serving. See id., Docket Entry 71. On August 2, 2006, the sentencing court ruled that Petitioner's sentence should

---

[3]Petitioner had filed two prior habeas corpus petitions pursuant to § 2255 in connection with his underlying criminal case, but they had been dismissed without prejudice.



remain such that he would serve his federal sentence at the conclusion of his state sentence.  See id., Docket Entry 73.

**DISCUSSION**

Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'"  Brown v. Rivera, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 (D.S.C. April 7, 2009) (citation omitted).  Thus, if a petitioner challenges the calculation of his sentence, the petition may be cognizable under § 2241.  See Manigault v. LaManna, C/A No. 8:06-47-JFA-BHH, 2006 WL 1328780 at *4 n.4 (D.S.C. May 11, 2006).  Liberally construed, Petitioner's § 2241 petition could be construed to allege a cognizable § 2241 claim that his 22-month federal sentence has been calculated or is being implemented incorrectly by the BOP.[4]  The gravamen of his petition is that his current 22-month sentence should have run concurrently with his previously served state sentence.  Although Petitioner asserts that he has "done all that can be done [to pursue his claim]. . . through the record department, and staff here at F.C.I.-Edgefield," Petitioner also asserts that "exhaustion of remedies are [sic] not a jurisdictional requirement for habeas corpus petitions filed pursuant to 2241."  (Pet., Docket Entry 1 at 7.)  Petitioner alleges that his exhibits A-M "clearly shows [sic] that inmate has taken every opportunity to show the F.B.O.P. that a mistake has been made in his case.  And is clear error on the F.B.O.P."  (Id. at 8.)  From Petitioner's exhibits, it appears that the BOP staff at FCI-Edgefield does *not* agree with Petitioner's legal arguments.  However, Petitioner does not allege that he pursued his claim further through

---

[4]Petitioner raises various arguments that the BOP did not exercise its discretion appropriately and that the BOP erred when it applied certain statutes.

Page 5 of  10



the BOP administrative process. In other words, it appears that Petitioner did not appeal the denial of his claim to the BOP regional and central offices.

Although § 2241 itself does not contain an exhaustion requirement, case law establishes that a federal prisoner must first exhaust his administrative remedies before bringing a claim under that statute. See McClung v. Shearin, 90 Fed. Appx. 444, 445 (4th Cir. Feb. 6, 2004) (unpublished) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001)). The BOP needs the opportunity to correct its own alleged error and possibly grant relief to Petitioner, and the BOP needs to develop a factual record and apply its expertise to the situation. See Moscato v. Fed. B.O.P., 98 F.3d 757, 761 (3d Cir. 1996) (explaining the three reasons to require exhaustion), cited with approval by Watkins v. Compton, 126 Fed.Appx. 621, 2005 WL 943637 (4th Cir. April 25, 2005) (unpublished). The BOP regulations set forth a three-tiered process for an inmate to seek redress for the alleged deprivation of any right. See 28 C.F.R. § 542.10; Dais v. LaManna, C/A No. 9:05-2797-DCN-GCK, 2006 WL 2642604 at *4 (D.S.C. Sept. 13, 2006) (explaining informal resolution, formal written complaint with Warden, appeal to BOP Regional Director, and appeal to General Counsel). Accordingly, this Petition should be dismissed without prejudice for failure to exhaust administrative remedies.

Moreover, if this habeas petition is construed to be an attack on the *validity* of Petitioner's 22-month federal sentence entered in the United States District Court for the Middle District of North Carolina on April 30, 2003 (i.e., arguing that the sentencing court erred by failing to order a concurrent sentence), then it should be dismissed because this

court cannot consider it.⁵ A petition to vacate a federal sentence should usually be brought under § 2255 in the sentencing court. See In re Vial, 115 F.3d 1192 (4th Cir. 1997); Brown v. Rivera, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 (D.S.C. April 7, 2009) (citation omitted). However, § 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of the petitioner's detention when a § 2255 petition is "inadequate or ineffective to test the legality of his detention." Brown, 2009 WL 960212 at *2 (citing 28 U.S.C. § 2255).

The United States Court of Appeals for the Fourth Circuit has held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." Id. In only one scenario has the Fourth Circuit deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

---

⁵Courts have held that a prisoner challenging the revocation of supervised release must file his motion under § 2255, although if a petitioner challenges the calculation of his supervised release sentence he may file a § 2241 petition. See Dorrough v. United States Parole Comm'n, No. CIVA PJM-06-1957, 2006 WL 4471983 (D. Md. Aug.4, 2006), aff'd by, 210 Fed. Appx. 237 (4th Cir. Dec. 18, 2006); Gaines v. Kastner, No. 5:06cv229, 2007 WL 2021743 (E.D. Tex. July 9, 2007).



Jones, 226 F.3d at 333-34.  Notably, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255.  Chisholm v. Pettiford, No. 6:06-2032-PMD-WMC, 2006 WL 2707320 at *2 (D.S.C. Sept. 18, 2006).

Petitioner does not allege that his case satisfies the savings clause nor does he allege facts which could trigger the savings clause.  Further, the reach of the savings clause has not been extended to prisoners who challenge only their sentences.  Brown v. Rivera, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 at *3 (D.S.C. April 7, 2009).  See also United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (the Court did not need to address whether the § 2255 savings clause applied to the merits of the § 2241 petition which alleged that the petitioner was innocent of his sentence).

Additionally, Petitioner seems to request that this court transfer this case to the sentencing court with an order that the sentencing court must ensure that Petitioner's federal and state sentences shall run concurrently.  Specifically, Petitioner requests

> orders [sic] a favorable decision to remand this matter to the district court where sentencing was established upon the petitioner in order that it may recommend unto the B.O.P. that it will grant the petitioner a "Nunc Pro Tunc" designating his place of confinement with the State of North Carolina Department of Corrections for all time spent in custody after the date of arrest for the instant offense committed on or about October 23, 2003.

(Pet., Docket Entry 1 at 7-8.)  Such relief is unavailable to Petitioner.  Habeas relief may only be directed to a petitioner's immediate custodian, not another court.  See United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) (finding that a court may grant a writ of habeas corpus only within its jurisdiction and direct the writ to the petitioner's custodian).  Moreover, when actually presented with Petitioner's request to amend his 22-month federal

Page 8 of 10



sentence to run it concurrently with the state sentence he was serving, the United States District Court for the Middle District of North Carolina already ruled that Petitioner's sentence should remain such that he would serve his federal sentence at the conclusion of his state sentence. See United States v. Barnhardt, Cr. No. 1:97-155-JAB-1, Docket Entry 73 (available on PACER). Thus, the sentencing court previously decided Petitioner's request and denied it.

## RECOMMENDATION

For the foregoing reasons, this court recommends that the above-captioned case be dismissed without prejudice and without service of process. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214; Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 6, 2009
Columbia, South Carolina

*The petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).